UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:25 CR 138 |
| | ) | |
| SARAI CARRILLO | ) | |
| Defendant | ) | |

### SARAI CARRILLO'S Consolidated Motions in Limine

Defendant Sarai Carrillo respectfully moves for the Court to rule in limine on the following evidentiary issues before trial.

### 1. Bar introduction of hearsay statements by third parties

It is a fundamental rule of evidence that hearsay statements are not admissible at trial. See Fed. Rs. Evid. 801, 802. If a proponent of a statement that is otherwise inadmissible hearsay seeks to admit the statement under an exception to the hearsay rule, the proponent bears the burden of showing the evidence falls within the exception. See B*ourjaily v. United States*, 483 U.S. 171, 175-76 (1987) (holding that the proponent of hearsay evidence must prove to the court, by a preponderance of the evidence, that the Rules of Evidence have been satisfied).

Review of discovery produced by the Government in this case reveals that the Government's case at trial will rely in part on the statements of third parties. Consequently, the defense reasonably expects that hearsay issues will feature at trial. The Government has not yet submitted Santiago proffer to which the defendant is likely to object.

1

To obviate the need for repeated objections and sidebars during trial, Defendant therefore requests that the Court enter an order in limine barring the Government from attempting to introduce or otherwise soliciting from its witnesses any hearsay statements.

2. Bar evidence of Defendant's prior convictions if Defendant chooses to testify

If the defendant elects to exercise her right to testify at trial, the Government should be barred from introducing any evidence of any prior convictions. Under Rule 609(a), prior convictions may be admitted as impeachment evidence of a testifying defendant for felonies "if the probative value of the evidence outweighs its prejudicial effect to that defendant," or for any crime only "if the court can readily determine that establishing the elements of the crime required proving — or the witness's admitting — a dishonest act or false statement." Further, if more than ten years have passed between the time of trial and the later of the defendant's conviction or release from confinement, then the conviction is only admissible if "(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b). Juvenile convictions may never be admitted as evidence against a defendant. See Fed. R. Evid. 609(d)(2).

The Government has not given notice under Rule 609(b)(2) that it intends to introduce any convictions older than ten years. Moreover, as the proponent of any evidence under Rule 609(a), it is the Government's burden to establish its admissibility under that rule. See *Bourjaily*, 483 U.S. at 175-76. Consequently, Defendant requests that the Court enter an order barring the

2

Government from attempting to introduce or otherwise soliciting any prior conviction of defendant if she chooses to testify at trial.

3. Bar evidence of Defendant's prior arrests not leading to a conviction

The Court should bar any evidence that the Government may attempt to offer concerning past arrests of Defendant. Prior arrests that did not lead to convictions are not relevant to any issue to be decided at trial and would be unfairly prejudicial. They are therefore inadmissible under FRE 403. See also Fed. R. Evid. 404(a) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.")

Moreover, past arrests not leading to a conviction cannot be used as impeachment under Rule 609. See *Barber v. City of Chicago*, 725 F.3d 702, 709 (7th Cir. 2013) ("The well-established, general rule is that a witness's credibility may not be impeached by evidence of his or her prior arrests, accusations, or charges."). The only reason the Government would seek to introduce such evidence would be to insinuate bad character, which is prohibited under Rule 404. Defendant therefore requests that the Court enter an order in limine barring the Government from introducing or otherwise soliciting any evidence regarding Defendant's prior arrests.

4. Bar non-disclosed Rule 404(b) evidence

Federal Rule of Evidence 404(a) states, "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Rule 404(b)(1) further states, "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." While the Government may introduce such

3

evidence "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," on request of the defendant (the request is made herein) the Government must "(A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and (B) do so before trial — or during trial if the court, for good cause, excuses lack of pretrial notice." Fed. R. Evid. 404(b)(2).

Consequently, Defendant respectfully requests that the Court enter an order in limine barring the Government from attempting to introduce or otherwise soliciting any evidence of a character trait or of a crime, wrong, or other act allegedly committed by Defendant to prove Defendant's character to show that on a particular occasion Defendant acted in accordance with the character that has not been identified by the Government in a motion in limine to admit such evidence under Rule 404(b).

5.  References to Gang Membership or Activity

Any reference by a witness to any alleged past or current gang membership by Defendant or a relative would have no probative value and no bearing on the alleged crime; neither a defendant nor her family need not be part of a gang or affiliated with a gang to engage in the charged offenses. Such references should therefore be excluded pursuant to Fed. R. Evid. 401, 403.

6.      Motion to Exclude Certain Terms and References:

a.      Use of and references to the term "Victim."

b.      References to the defendant or her family owning, possessing, or having access to guns or other weapons.

4

Any exhibit that references, and any reference by a witness, to any of the above would have no probative value and no bearing on the alleged crime. If there is probative value and bearing, any value and bearing would be overshadowed by the undue prejudice and taint that would be inflicted upon the defendant if the above is not excluded.  Such references should therefore be excluded pursuant to Fed. R. Evid. 401, 403.  An elaboration will be forthcoming at the pre-trial conference's oral argument.

7.    <u>Motion to Prohibit the Government from Providing the Jury with the Indictment</u>

Defendant requests this court prohibit the Government from providing the indictment to the jury prior to or during deliberations. The district court's broad discretion to answer jury questions encompasses the decision of whether to give the jury a copy of the indictment. *United States v. Watts*, 29 F.3d 287, 291 (7th Cir. 1994). Here, the Court should exercise its discretion and prohibit the Government from providing a copy of the indictment to the jury for the following two reasons: (1) providing a copy of the indictment serves no actual purpose; and (2) providing a copy of the indictment raises an inference of guilt.

First, this court should prohibit the Government from providing a copy of the indictment to the jury because it serves no actual purpose. The indictment is not evidence. *Watts*, 29 F.3d at 291. It has not been tested by cross-examination, subjected to the rules of evidence, or agreed upon by the parties. The rules and procedures that govern the admissibility of evidence were put in place to ensure only relevant and reliable information is considered by the jury. The indictment is not subject to these safeguards because it is not evidence, and thus not reliable or relevant to any jury consideration. Ultimately, there is no reason to provide a copy of the

indictment to the jury prior to or during deliberations because they cannot consider it to determine guilt.

Further, any argument that the jury needs the indictment to understand the charges is misplaced; the charges will be read, referenced, and reviewed by the court with the jury throughout the trial and before deliberations. There is no need to provide the indictment to the jury for this purpose.

Second, because the indictment has no evidentiary value, the jury will only use it to infer guilt. See *United States v. Garcia*, 562 F.2d 411, 417 (7th Cir. 1977) ("[T]here is a real possibility that a charge leveled by a grand jury composed of its peers will weigh in the petit jury's balance on the side of guilt."). Also, the jury will be uncertain how to consider the indictment during deliberations since it cannot be considered as evidence. Consequently, the jury will use the Government's theory of guilt—approved by the grand jury and provided by the Court—as their starting point, opposed to Ms. Carrillo's presumption of innocence.

Because the indictment serves no actual purpose to the jury, but risks confusing or prejudicing them, a copy should not be provided.

WHEREFORE, it is respectfully requested that the Court prevent the indictment from going back to the jury for their consideration.

Dated: March 23, 2026

Respectfully submitted,

/s/ Amir Mohabbat

Amir Mohabbat
The Chicagoland & Suburban Law Firm, P.C.
248 S. Marion St., #104
Oak Park, Illinois 60302

PROOF OF SERVICE

I, Amir Mohabbat, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

March 23, 2026

/s/ Amir Mohabbat