UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cr-138 |
| | ) | |
| SARAI CARRILLO | ) | |

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTIONS IN LIMINE**

The United States of America respectfully submits the below response to

Defendant's motions in *limine* filed at DE 21.

*Hearsay*

Defendant requests a blanket pretrial ruling on the admissibility of

hearsay statements.   Defendant's motion is too broad and premature.

While the Government does not anticipate filing a Santiago Proffer in this

matter, the rules of evidence provide more exceptions to hearsay than simply

co-conspirator statements.    Further there are a number of statements

where the Government may not be seeking admission of a statement for the

truth of the matter asserted and thus it is not hearsay.   This request is more

appropriately handled as the trial progresses through objections rather than

a blanket ban as each instance of a prior statement being introduced must be

evaluated individually.   If there is a specific statement that the Defendant

believes should not be raised and wishes to bring that to the attention of the

1

court prior to trial, they should do so.   For these reasons, the Government requests that the motion be denied.

*Prior Convictions by the Defendant*

The Government is currently unaware of any prior qualifying convictions of this Defendant that would require a 609(b) notice.   If the Defendant is referring to a specific conviction that is of concern, they should identify the conviction so the parties can address whether it can properly be used for impeachment purposes.

*Prior Arrests of the Defendant*

The Government is currently unaware of any prior arrests of the Defendant.   If the Defendant is referring to a specific arrest that is of concern, they should identify the arrest so the parties can address whether it could or might become relevant.

*404(b)Evidence*

The Government agrees that it must provide notice four business days before the final pretrial conference should it seek to utilize evidence that the Defendant committed another crime or wrong under 404(b).   A motion in *limine* barring propensity evidence is unnecessary.   The Government does note that this case will involve limited discussion of the allegations against Rosario Carrillo, but only in as much as the agents during the search warrant were aware of his alleged actions and how those alleged actions affected their

approach and plan to arrest him at his residence.   There may also be discussion of the actions of a minor sibling's alleged assault on law enforcement on October 23, 2025 immediately after the Defendant's alleged assault as part of the family effort to impede law enforcement officers from arresting Rosario Carrillo but none of those actions involve an inference of a propensity of the Defendant to engage in unlawful or bad acts.

*Gang Membership or Activity*

The Government is unaware of any gang membership or activity associated with this Defendant, nor how such information would be relevant to the charges in this case.   Should the Government learn of such information and believes it relevant to the proceedings, the Government agrees to raise it with the Court outside the presence of the jury.

*Reference to the use of the term Victim*

This case involves an allegation of an assault on law enforcement.   The jury will certainly be apprised that the Government is asking them to find the Defendant guilty of what is inherently a case with a victim. In fact, the Indictment in Count One references the fact that there is a victim in this case.     The Seventh Circuit has been clear that characterizing the alleged victim as a victim is appropriate.   "…[P]arties may make arguments supported by the evidence, and evidence suggests that the prostitutes were indeed victims."   *United States v. Shankle*, 756 Fed. Appx. 633, 634 (7th Cir.

3

2019) citing *United States v. Turner*, 651 F.3d 743, 752 (7th Cir. 2011).

While the Government is generally amenable to not repeatedly utilizing the word "victim" in the trial; it does not agree that a blanket ban on the word is warranted, advisable, or supported by caselaw.

*Reference to the Defendant or Family owning, possessing, or having access to firearms.*

The Government does not have any information that the Defendant or family members actually own, possess, or have access to firearms now or at the time the arrest warrant for Rosario Carrillo-Lopez was executed.   This case does not involve the search of a home beyond locating an individual and therefore no firearms were searched for or seized. The Government agrees at this time that making a statement that a family member factually owned a firearm is not an issue in this case.

However, the Government does anticipate that this case may involve discussion of law enforcement's preparation to execute the arrest warrant, their actions in executing the warrant, and the manner in which they did so. To that end there may be discussion that the agents were preparing for the eventuality that they might meet resistance and potentially armed resistance as could happen in any situation where they are confronting people in their home who may naturally resist being arrested or seeing their family members be arrested.   This is all the more true where the agents'

4

information at the time was that their intended arrestee, Rosario Carrillo, had utilized his vehicle in a dangerous manner to elude law enforcement. The Government anticipates eliciting testimony that Sarai Carrillo's actions in impeding law enforcement from executing the warrant were serious in the moment because the agents had not yet secured the home and could not know whether any family members or other persons in the house would utilize firearms or other weapons.

*Providing the Indictment to the Jury*

The Defendant is correct that this Court has broad discretion on whether to provide an Indictment to the Grand Jury.   The Government believes that the Indictment provides a clear neutral guideline of what the Government has charged and what the Government has to prove. It should be provided to the Jury.   Defendant cites two cases to support his opposition to giving the warrant to the Defendant.   The first is *United States v. Watts*, 29 F.3d 287, 291 (7th Cir. 1994) which in fact *upholds* a district court's decision to provide the jury with a copy of the Indictment. The second is *United States v. Garcia,* 562 F.2d 411, 417 (7th Cir. 1977) where the district court also provided the Defendant with the Indictment.   *Garcia* was concerned with a jury instruction about the Indictment, not providing the jury with the Indictment itself. *Id.*   In *Garcia*, the Court confirmed the district court's instructions were adequate for a jury to understand that the

5

indictment is a reflection of what the government alleged and has to prove.

*Id.*   The Seventh Circuit provides pattern jury instructions that contemplate telling a jury both in the preliminary instructions and in the final instructions that the Indictment is not evidence of guilt and that the Indictment does not raise a suspicion of guilt and further discusses in the application notes that providing the jury with the indictment is common practice. See Pattern Jury Instructions at page 8 and 22.   This case does not involve a speaking indictment, nor is this a particularly complicated matter. Allowing the jury to have the two-page indictment to track what the government has alleged, and what it must prove, is wholly appropriate.

Respectfully submitted,

ADAM L. MILDRED
UNITED STATES ATTORNEY

By:   */s/ Thomas M. McGrath*
Thomas M. McGrath
Steven J. Lupa
Assistant United States Attorneys
5400 Federal Plaza, Suite 1500
Hammond, Indiana 46320
Tel:   (219) 937-5500
Fax:   (219) 852-2770
Email:   thomas.m.mcgrath@usdoj.gov

6